UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| MADELINE DELP,<br><br>　　Plaintiff,<br><br>vs.<br><br>CITY OF ASHEVILLE,<br><br>　　Defendant.<br>_____/ | CASE NO: |

# COMPLAINT

Plaintiff, MADELINE DELP ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues the City of Asheville for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12101 *et seq.*, ("Americans with Disabilities Act" or "ADA"), and §504 *et seq.* of Rehabilitation Act of 1973 ("the Rehabilitation Act") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief and damages pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., (hereinafter referred to as the "ADA") and its implementing regulation, 28 C.F.R. Part 35, as well as §504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §701 *et seq.* ("the Rehabilitation Act"). This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

2. Venue is proper in this Court, the Western District of North Carolina, pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District

of North Carolina.

3. Plaintiff, MADELINE DELP (hereinafter referred to as "Delp") is a resident of Fletcher, North Carolina and is a qualified individual with a disability under the ADA. Delp has what constitutes a "qualified disability" under the ADA, and all other applicable Federal statutes and regulations, to the extent that she sustained a spinal cord injury in a motor vehicle accident in 2004 that resulted in paraplegia, and which requires her to rely on a wheelchair for mobility. Prior to instituting the instant action, Delp visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Delp continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Plaintiff has suffered direct and indirect injury as a result of the Defendant's actions or inactions described herein. The Plaintiff personally utilized the parking areas, sidewalks and curb ramps within Defendant's Central Business District prior to the filing of this lawsuit, and was unable to fully and safely do so due to the Defendant's lack of compliance with the ADA. Plaintiff continues to be discriminated against due to the Defendant's continued lack of compliance and the Plaintiff's specific continued desire to visit and avail herself of the programs, services and activities provided by the City of Asheville, including but not limited to, its parking areas, sidewalks, and curb ramps.

6. The Defendant, City of Asheville (hereinafter referred to as "Asheville"), is a municipal corporation conducting business in the State of North Carolina. Upon information and belief, Asheville is the owner, operator and/or lessee of the programs, services and activities offered by Asheville, and the real properties and improvements associated therewith, which are

subject of this action, namely the city's parking areas, sidewalks and curb ramps as more particularly described in Paragraph 23, below.

7. All events giving rise to this lawsuit occurred in the Western District of North Carolina.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff re-alleges and re-avers the allegations contained in Paragraph 1 through 7 as if expressly contained herein.

8. In Title II of the ADA, congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

9. Title II of the ADA also requires a public entity to furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of a service, program, or activity conducted by a public entity. 28 C.F.R.§35.160(b)(1).

10. Title II of the ADA and 28 C.F.R.§35.105 required Defendant to have completed Self-Evaluation by January 26, 1993 of its current services, policies and practices, and the effects thereof, that do not comply with the ADA. Defendant was required to proceed to make the necessary modifications. Defendant has not completed an adequate Self-Evaluation.

11. Title II of the ADA and 28 C.F.R.§35.105 required Defendant to develop a Transition Plan by July 26, 1992, where structural changes in its existing Streets needed to be undertaken to achieve program accessibility for all persons with disabilities. Defendant failed to adequately develop a Transition Plan.

12. Defendant's failure to adequately complete its Self-Evaluation and failure to adequately develop a Transition Plan which fully meet the requirements of the ADA has denied, and continues to deny, Plaintiff her rightful opportunity for full, safe and equal access.

13. The Defendant was required to have completed structural changes to the subject Streets, over two decades ago, and, in any event, no later than January 26, 1995 pursuant to the 28 C.F.R.§35.150(c). Defendant has failed to complete the required structural changes to achieve equal program, service or activity access to their parking areas and sidewalks.

14. Defendant has known of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes for over twenty-five years. Defendant has arbitrarily and intentionally refused to complete the necessary and required structural changes to the subject Streets by the January 26, 1995 date as mandated by Federal law.

15. Defendant's failure to adequately meet all of its obligations including, *inter alia*, to complete a Self-Evaluation, to develop a Transition Plan[1] for modifications of existing Streets, and to have fully implemented all structural modifications, has denied and continues to deny, Plaintiff full, safe and equal access to Defendant's programs, services and activities that are otherwise available to persons with disabilities.

16. As a governmental public entity, and as officials comprised of the highest level of decision makers, Defendant has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of her disability. Defendant directly participated in or acquiesced in the conduct or acts of omission described in this complaint. Defendant's discrimination against Plaintiff solely on the basis of disability has been, and continues to be,

---

1. Despite Defendant's alleged failure to comply with the ADA's self-evaluation and transition plan requirements, Plaintiff does not seek by this action to compel Defendant to comply with these requirements at this time, but rather seeks removal of the enumerated barriers to access alleged to be existing in Paragraph 23, below, to the extent necessary to ensure all programs, services, and activities offered by Defendant are accessible and usable by Plaintiff when viewed in

arbitrary, knowing an intentional.

17. Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity. 28 C.F.R. 35.149-150. It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding and operation of the service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion." 28 C.F.R. 35.150(a)(3). Asheville cannot meet this burden.

18. Plaintiff was subjected to discrimination in attempts to access the programs, services and Streets operated and owned by Asheville. Plaintiff continues to desire to utilize Asheville programs and services as well as return to the subject Streets owned and operated by Asheville and therefore will continue to suffer discrimination by Asheville in the future.

19. Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 35 and ADA Standards for Accessible Design, 36 C.F.R. Part 1191, Appendices B and D.

20. Asheville has discriminated against Plaintiff by denying her full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 *et seq.*, and by failing to remove architectural barriers pursuant to 28 C.F.R. §35.150(c).

---

their entirety.

21. Defendant, Asheville has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, privileges, advantages and/or accommodations of Asheville in derogation of Title II of the ADA, 42 U.S.C. § 12101 *et seq.*

22. The Plaintiff has been unable to and continues to be unable to enjoy access to the benefits of the programs, services and activities owned, operated and/or leased by Asheville.

23. Defendant is in violation of 42 U.S.C. § 12101 *et seq.* and 28 C.F.R. § 35.150 *et seq.* and is discriminating against the Plaintiff due to the following violations, *inter alia*:

  I. *Central Business District on-street parking*– There is an insufficient number of accessible parking spaces for on-street parking.

  II. *Central Business District Sidewalks and Curb Ramps*:

  a) Eagle Street and Biltmore Avenue – There is a change in level of greater than 1 inch with a width greater than one inch at the foot of the curb ramp.

  b) Biltmore Avenue @ Jimmy Johns – There is a change in level of greater than 2 inches in the walk.

  c) Patton Street @ Kress Emporium – There is an extreme cross slope in the walk.

  d) Walnut Street and Rankin Avenue – There is a change in level of greater than 2 inches at the foot of the curb ramp.

  e) Page Avenue and Haywood Avenue – The pavement is broken with large gaps of 3 inches or more.

  f) Patton Avenue @ Sonora Cocina Restaurant – There is a change in level of 2 inches or greater in the walk due to shifting concrete.

g) Patton Avenue @ Lobster Trap - There is a change in level of 2 inches or greater in the walk due to shifting concrete.

h) Patton Avenue @ Asheville Music Hall - There is a change in level of 2 inches or greater in the walk due to shifting concrete.

i) Patton Avenue @ Farm Burger - There is a change in level of 2 inches or greater in the walk due to shifting concrete.

j) Wall Street – There are numerous areas where the concrete has separated leaving changes in level of greater than 2 inches.

III. *Biltmore Avenue Parking Garage* (Contiguous to ALoft) – The ramp at the Biltmore Avenue entrance has no handrails.

IV. *Rankin Avenue Garage* – There are two accessible parking spaces at the Walnut Street entry. There is an insufficient number of accessible parking spaces given the number of parking spaces provided in the lot as a whole.

V. *Civic Center Parking Garage* –

a) There are an insufficient number of accessible parking spaces.

b) The accessible parking spaces located on each floor have excessive slopes.

c) The garage exit doors to the Civic Center and Public Library on the 5th floor have no level landing.

VI. *Wall Street Parking Garage* –

a) There are an insufficient number of accessible parking space.

b) The only accessible spaces are located on level 2 and are not dispersed.

c) There is no directional signage at the entry level indicating the location of the accessible parking.

VII.     *Asheville City Hall*

    a) The accessible toilet rooms on the First Floor have ambulatory accessible toilet compartments only and are not usable by wheelchair users.

    b) There are no wheelchair accessible toilet room facilities.

    c) All department entry doors including Council Chambers have knob type door hardware that require tight grasping and twisting of the wrist to operate.

VIII.    *Grove Arcade – Battle Square Entry* – There is no level landing on either set (interior foyer or exterior) of the entry/exit doors due to the slope.

24. There are other current barriers to access and violations of the ADA in Asheville which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiffs or Plaintiff's representatives can all said violations and barriers to access be identified.

25. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Asheville pursuant to 42 U.S.C. § 12205.

26. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject programs, services and activities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject programs, services and activities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Asheville and request the following injunctive and declaratory relief:

A. That the Court declare that the programs, services and Streets owned, operated and administered by Defendant, are violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its programs, services and Streets to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II – VIOLATION OF THE REHABILITATION ACT

28. Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 27 of this Complaint.

29. As more fully described above, Plaintiff is an individual with a disability.

30. Furthermore, the Plaintiff is a North Carolina resident who does or would like to frequent the subject Streets that are currently inaccessible as described above and herein, and are otherwise qualified to use and enjoy the programs, services and activities provided by Defendant in the City of Asheville.

31. Defendant's acts and omissions that result in unequal access to the programs, services, Streets and activities provided by Defendant as alleged herein are in violation of Section 504 of the Rehabilitation Act as codified in 29 U.S.C. § 794 *et seq.*, and the regulations promulgated thereunder which are codified in 34 C.F.R. § 104 *et seq.* Defendant is the direct recipient of federal funds sufficient to invoke the coverage of Section 504. Moreover, the City owned and operated programs, activities and services containing barriers to access as alleged

herein, namely the accessible parking spaces, curb ramps, and sidewalks, received or were directly benefitted by federal financial assistance.

32. Solely by reason of disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full, safe and equal access to the services offered by Defendant.

33. Defendant is in violation of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. §794 and is intentionally discriminating against the Plaintiff due to the barriers listed in Paragraph 23, hereinabove.

34. Upon information and belief, there are other current violations of the Rehabilitation Act in Asheville and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

WHEREFORE, the Plaintiffs demand judgment against Asheville and request the following injunctive and declaratory relief:

A. That this Court accept jurisdiction of this case and declare that the programs, services and Streets owned, operated and administered by Asheville are discriminatory and are violative of the Rehabilitation Act;

B. That the Court enter an order requiring Asheville to alter its programs, services and Streets to comply with federal law and regulations to make them accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act;

C. That the Court enter an order directing Asheville to evaluate and neutralize its policies, practices, and procedures toward individuals with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court enter an order mandating that Asheville undertake a self-evaluation and that such evaluation contain a description of all of Defendant's programs, services and Streets; a review of all policies and practices that govern the administration of such programs, services and Streets; and an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

E. That the Court enter an order mandating Asheville to expeditiously make all reasonable and appropriate modifications in its policies, practices and procedures, provide effective signage, remove all architectural barriers that would not cause an undue financial or administrative burden or cause a fundamental alteration to the program or activity, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at the subject Streets;

F. Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiff;

G. Retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court and awarding such other, further or different relief, as the Court deems necessary, just and proper.

Dated this the 12th day of April, 2018.

Respectfully submitted,

By: /s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Schwartz, Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com

By: /s/ Robert C. Carpenter
Robert C. "Bo" Carpenter
Dungan, Kilbourne & Stahl, PA
One Rankin Ave., Third Floor
Asheville, NC 28801
Direct: (828) 412-4022
Main: (828) 254-4778
Fax: (828) 254-6646
Email: bcarpenter@dunganlaw.com